IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DOUGLAS R. WINTER PLAINTIFF

v. Civil No. 6:26-cv-06061-SGS

ARKANSAS DEPARTMENT OF CORRECTIONS;
SERGEANT SEIGAL; MAJOR OTTS;
and WARDEN WHITE DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Douglas R. Winter, filed this action pursuant to 42 U.S.C. § 1983, on May 7, 2026, while an inmate at the Omega Technical Violators Unit in Malvern, Arkansas. Currently before the Court is Plaintiff's failure to prosecute.

The case was directly assigned to the undersigned Magistrate Judge; however, because not all parties to the action have consented to the jurisdiction of the undersigned, and this document will be dispositive of Plaintiff's claims, this document will be filed as a Report and Recommendation and the case will automatically be reassigned to a United States District Judge pursuant to 28 U.S.C. § 636(c); Rule 73 of the Federal Rules of Civil Procedure, and General Order 2024-02.

## I. BACKGROUND

Plaintiff initially submitted his Complaint in the Eastern District of Arkansas on May 7, 2026. (ECF No. 1). The Eastern District transferred Plaintiff's case to this Court on May 15, 2026. (ECF No. 2). The Court then ordered Plaintiff to file an amended complaint by June 8, 2026. (ECF No. 6). Plaintiff's amended complaint was due by June 8, 2026. *Id.* The Court

advised Plaintiff in this Order that his failure to respond with an amended complaint would subject this case to dismissal. *Id.* This Order was returned as undeliverable mail on June 8, 2026. (ECF No. 7).

On June 14, 2026, the Court entered an Order to Show Cause directing Plaintiff to show cause why he failed to comply with the Court's Order directing Plaintiff to file an amended complaint. (ECF No. 10). Plaintiff was again advised that failure to respond would subject this case to dismissal. *Id.* This Order to Show Cause was mailed to Plaintiff at his address of record at the Omega Unit. *Id.* On July 28, 2026, the Order to Show Cause was returned undeliverable from the Omega Unit. No new address was noted by the facility. (ECF No. 11).

Plaintiff has not communicated with the Court since originally filing his Complaint in the Eastern District of Arkansas on May 7, 2026. (ECF No. 1). Furthermore, Plaintiff has never paid his filing fee, nor has he applied to proceed *in forma pauperis* herein.

## II. DISCUSSION

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the

court. Fed R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

As evidenced by the docket, Plaintiff has failed to comply with multiple Court Orders: (1) Order directing an amended complaint (ECF No. 6); and (2) Order to Show Cause (ECF No. 10). In each of these Orders, Plaintiff was advised that failure to respond would subject his case to dismissal. (ECF Nos. 6, 10). Furthermore, Plaintiff has never communicated with this Court, nor has he paid his filing fee or applied to proceed *in forma pauperis* herein. Accordingly, the Court recommends Plaintiff's Complaint be dismissed without prejudice for failure to comply with the Court's Orders and to prosecute this matter.

## III. CONCLUSION

Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court hereby recommends Plaintiff's Complaint (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE**.

**REFERRAL STATUS: The referral in this case shall be terminated.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED this 24th day of September 2026.**

/s/ Spencer G. Singleton
HON. SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE